■ In the Matter of the Claim of WILLIAM MULDOON, Respondent, against CHARLES S. WOODS & Co. et al., Appellants and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier from an award of compensation to claimant for permanent total disability resulting from pulmonary asbestosis, with associated tuberculosis, as an occupational disease. Claimant had worked for 25 years for various employers as an asbestos pipe-coverer, and in this work he was exposed to asbestos dust. In March, 1954 he developed symptoms of tuberculosis and thereafter it was found that he also had asbestosis. As we read the record there was substantial medical evidence to support the finding that claimant was totally disabled because of both conditions. Tuberculosis of course is caused by tubercular bacillus and is a germ infection, and the medical proof indicated that it was impossible to draw an exact line as to how much disability was caused by the asbestosis alone because of the overlying tuberculosis. But there is also medical proof that a great many people suffering from asbestosis also have associated tuberculosis. At least one physician stated in the present case as his conclusion that claimant had pulmonary asbestosis with associated tuberculosis. Thus we think the proof was sufficient to sustain an award for total disability because, although the proof as to whether asbestosis alone was disabling was too vague to sustain a finding, there is proof that it became so in conjunction with the related condition of tuberculosis (*Matter of Withers* v. *du Pont de Nemours & Co.*, 266 App. Div. 928; motion for leave to appeal denied 292 N. Y. 727; *Matter of Chomenko* v. *Elmira Foundry Co.*, 272 App. Div. 1088). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.

■ In the Matter of the Claim of CATHERINE BOBB, Appellant, against WEADERHORN CONSTRUCTION Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which denied a claim for death benefits. Decedent was a plumber and had worked for the employer for some three years prior to his death. On the day of his death he was engaged with a coemployee in cutting pipe and hooking it up to an oil tank in one of the buildings on the work site. Concededly this was heavy and laborious work. Shortly after lunch his fellow employee returned to the worksite and found decedent sitting against a wall, with his eyes closed and apparently unable to talk. An ambulance was called and when it arrived decedent was found to be dead. The cause of death was designated as "Rheumatic heart disease, acute congestive failure." Some years before his death decedent had suffered from rheumatic heart fever. Two physicians testified that no causal relation existed between decedent's work activities on the day in question and his fatal attack; one physician testified to the contrary. The board found decedent's death was due to the progression of rheumatic heart disease and was not related to his employment activities. Despite the able presentation of claimant's counsel we are unable to find in the case anything but a question of fact, and we cannot justly say that the board erred as a matter of law. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.