██ In the Matter of the Claim of LOUIS CIESLIEWICZ, Respondent, v. DUNKIRK RADIATOR CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award for total disability due to silicosis contracted as a result of claimant's exposure to silica dust in the course of his 35 years' employment as a molder. The board found that claimant also "has heart disease which is not by itself totally disabling" and that his "heart condition and the silicosis affect each other and together cause total disability." There was substantial medical evidence supportive of the award; and we are not permitted to consider appellants' contention that "the weight of the total credible evidence" was to the contrary as, of course, both weight and credibility were for the board's determination. The attending physician diagnosed "chronic pulmonary silicosis, complicated by bronchitis and emphysema and fibrosis" and found the heart disease "*secondary to* [the] chronic pulmonary disorder" (emphasis supplied); and testified that claimant's original "condition is chronic silicosis followed by chronic pulmonary fibrosis and emphysema which resulted from the silicosis and after the development of the fibrosis and emphysema of the lung  *  *  *  some time you develop heart failure." The board of chest consultants to which the case was referred reported marked hypertension and cardiac enlargement as well as silicosis, with bronchitis and emphysema; and found total and permanent disability causally related to the occupation. Each of the three consultants was called and in his testimony reiterated these conclusions. One of these physicians stated that it was not "possible medically to separate the disability from the heart disease from that of the silicosis" and when asked if he was "stating that [claimant's] silicosis contributes to his heart disability", the witness replied, "I think it does but I think that his total disability is the result of the combined effect of pulmonary fibrosis and arteriosclerotic heart disease." Another of the board consultants attributed disability to "the combination of heart disease and the silicosis" and said that it was "very doubtful whether the heart disease in and of itself would be totally disabling"; and the third consultant adopted these conclusions. Consequently we find directly in point the decision in *Matter of Muldoon* v. *Woods & Co.* (8 A D 2d 888, motion for leave to appeal denied 7 N Y 2d 706) in which this court sustained an award for total disability resulting from the occupational disease of asbestosis, associated with tuberculosis, holding that "although the proof as to whether asbestosis alone was disabling was too vague to sustain a finding, there is proof that it became so in conjunction with the related condition of tuberculosis" (citing *Matter of Withers* v. *du Pont de Nemours & Co.*, 266 App. Div. 928, motion for leave to appeal denied 292 N. Y. 727, and *Matter of Chomenko* v. *Elmira Foundry Co.*, 272 App. Div. 1088). (See, also, *Matter of Piragowski* v. *National Sugar Refining Co.*, 11 A D 2d 824.) The case before us, like those above cited, involves diseases which have been associated and related by substantial medical evidence and thus is clearly distinguishable from those upon which appellants rely (see, e.g., *Matter of Kowalewski* v. *Blaw-Knox Co.*, 16 A D 2d 724; *Matter of Chatman* v. *Acme Steel & Malleable Iron Works*, 16 A D 2d 726; *Matter of Iodice* v. *General Abrasive Co.*, 5 A D 2d 707), each of which dealt with two separate and unrelated diseases, and it appearing, in each case, that the occupational dust disease

involved was no more than partially disabling. Decision and award unanimously affirmed, with one bill of costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.