■ In the Matter of the Claim of Lois M. Blair, Respondent, v Bendix Corporation et al., Appellants. Workers' Compensation Board, Respondent. [602 NYS2d 961] —Mercure, J. Appeal from an amended decision of the Workers' Compensation Board, filed March 27, 1992, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

The essential facts, either undisputed or as found by the Workers' Compensation Board and supported by substantial evidence, follow. In 1956, claimant commenced employment with Bendix Corporation working on an assembly line manufacturing brake linings. She remained so employed until her discharge in September 1970. She was exposed to asbestos during the course of her employment with Bendix and not thereafter. In 1978, claimant was diagnosed as suffering from asthma and emphysema; as a result of that condition, which was not related to her employment with Bendix, she was awarded Social Security disability benefits in February 1979 and did not work thereafter. On March 15, 1988, claimant was diagnosed as suffering from asbestosis, which was causally related to her exposure to asbestos during the course of her employment with Bendix and unrelated to her pulmonary emphysema and asthma. The interaction of the compensable and noncompensable diseases resulted in a "loss of functioning of the entire lungs", but it was impossible to apportion the degree of disability between the two.

Based upon the foregoing, the Board found "that the contribution of pulmonary emphysema and asthma to claimant's total disability is too speculative to allow an intelligent estimation, and as such, claimant's disability is * * * deemed to be solely the result of the occupational disease of asbestosis". The date of disability was fixed at March 15, 1988, average weekly wage was established at $478.80 based upon the prevailing wage rate during 1988 and an award was made thereon. Bendix and its workers' compensation carrier appeal.

In our view, the cases relied upon by the Board in support of the so-called "concept of inseparable causative agents" are factually dissimilar from the present case and do not provide a rational basis for the conclusion that claimant's disability was solely caused by her asbestosis. We accordingly reverse. In *Matter of Muldoon v Woods & Co.* (8 AD2d 888, *lv denied* 7 NY2d 706), this Court sustained an award of benefits for total disability based upon a determination of the Board that "although the proof as to whether asbestosis alone was disabling was too vague to sustain a finding, there [was] proof that it became so in conjunction with the related condition of tuberculosis". Careful note should be made of two controlling factors which are present in that case and absent here. First, there was no indication in *Muldoon* that the preexisting tuberculosis was of itself disabling; second, the tuberculosis and asbestosis were expressly found to be associated or related to one another *(supra; see, Matter of Withers v du Pont de Nemours & Co.,* 266 App Div 928, *lv denied* 292 NY 727). Similarly, in *Matter of Ciesliewicz v Dunkirk Radiator Corp.* (17 AD2d 877), this Court upheld an award of benefits upon medical proof that the claimant suffered from heart disease, which was not of itself disabling, and " 'chronic pulmonary silicosis, complicated by bronchitis and emphysema and fibrosis' ", with total disability the combined effect. Basing its decision upon the rationale of *Matter of Muldoon v Woods & Co. (supra)* and distinguishing cases relied upon by the employer which dealt with separate and unrelated diseases, the Court stressed that the case before it "involve[d] diseases which have been associated and related by substantial medical evidence" *(Matter of Ciesliewicz v Dunkirk Radiator Corp., supra,* at 877; *see, Matter of Majka v Dunkirk Radiator Corp.,* 20 AD2d 743, *lv denied* 14 NY2d 483). In the present case, it appears that claimant was totally disabled due to her asthma and emphysema before she contracted asbestosis, thereby eliminating the latter as a significant causative factor in her

disability. Further, the evidence, as specifically found by the Board, was that the conditions were unrelated.

Weiss, P. J., Cardona, Mahoney and Casey, JJ., concur. Ordered that the amended decision is reversed, without costs, and claim dismissed.